# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MILTON ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV411-198 |
| | ) |
| ERIC FOGAM, JACK KOON, | ) |
| ROBERT B. HUMES, and DAVID | ) |
| MILTON, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Before the Court is Milton Ross's amended 42 U.S.C. § 1983 civil rights complaint. (Doc. 17.) The Court screened his original complaint pursuant to 28 U.S.C. §§ 1915 & 1915A (authorizing district courts to screen prisoner and in forma pauperis complaints prior to service) and found that it failed to state a claim for relief. (Doc. 14.) Nevertheless, it permitted him an opportunity to remedy the complaint's failings, prompting his submission of the present amended complaint, which the Court will now examine to determine whether it states a colorable claim.

Ross, wheelchair bound after being shot in the back and hip during his 2002 arrest, has undergone a series of medical procedures over the years. (Doc. 17 at 4-6.) He had a spinal cord stimulator implanted in 2006 in order to help manage his chronic pain. (*Id.* at 6.) The device failed twice, requiring two more surgeries. (*Id.*) In October 2010, he had to have the stimulator removed due to a serious infection. (*Id.*) After that surgery, he was told that he "should be" provided with a morphine pump or a follow-up surgery to sever certain nerves to help him with pain management. (*Id.*) He was transferred to Coastal State Prison the following month, and according to Ross the medical staff has refused to treat the pain with anything other than ineffectual pain killers, despite his extensive treatment record. (*Id.* at 7-8, 9.) After Ross fell in the shower, Dr. Fogam, the facility's chief medical official, had him x-rayed several times. (*Id.* at 8.) Upon examining the x-rays, Fogam allegedly told Ross that there was nothing wrong with him other than mild arthritis and advised him that he should be able to "get out of [his] wheelchair and walk." (*Id.* at 8.) Ross, however, insists that he "is unable to stand under his own power." (*Id.*) Any attempt to use the toilet or bath, or get into

bed, causes him "unbearable and excruciating pain." (*Id.*) While he freely admits that Fogam has permitted the use of certain pain killers, he insists that he needs a surgical procedure based upon the earlier opinions of other doctors and specialists. (*Id.* at 9, 10-11.)

Based upon his allegations, Ross contends that Dr. Fogam violated his rights under the Eighth Amendment by failing to provide him with effective treatment, by delaying his access to necessary medical care, and for refusing to provide a consultation with a specialist. (Doc. 17 at 15-24.) He claims that the other defendants are liable for failing to provide proper medical care, failing to intervene when Dr. Fogam refused care, and instituting a policy under which such constitutional deprivations could occur. (*Id.* at 15-26.) He asks that he be afforded compensatory and punitive damages, fees and costs, and any equitable relief necessary to ensure that he receives adequate medical care in the future. (*Id.* at 16-17.)

In its prior order, the Court laid out the constitutional standard for an Eighth Amendment claim under § 1983, instructing Ross that he must show that the defendants acted with deliberate indifference, not mere negligence, in attending to his medical needs. (Doc. 14 at 3-4); *see Estelle*

v. Gamble, 429 U.S. 97, 104 (1976). "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "Deliberate indifference" requires the plaintiff to show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that the plaintiff must show that the defendant was "both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference"). "A defendant, however, may escape liability if he did not have subjective knowledge of the risk to begin with. This subjective knowledge must be specific, as we have held that 'imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference.' *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). This question of '[w]hether a prison official had the requisite knowledge

4

of a substantial risk is a question of fact,' and such knowledge may be inferred based on the obviousness of the risk. *Farmer*, 511 U.S. at 842, 844–45." *Bugge v. Roberts*, 430 F. App'x 753, 758 (11th Cir. 2011).

In its initial order, the Court noted that Ross had failed to allege facts showing that Fogam acted with deliberate indifference.[1] That is, reading Ross's complaint in the light most favorable to him, it appeared that "Dr. Fogam simply did not credit Ross's complaints and either accurately diagnosed him as suffering only from mild arthritis or misdiagnosed him."[2] (Doc. 14 at 5-6.) If the diagnosis was accurate, Fogam is blameless. If he misdiagnosed Ross, the claim sounds in negligence (medical malpractice), which is not actionable under § 1983. *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Harris*

---

[1] The Court accepts that Ross has a serious medical need. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (in order to establish a serious medical need, an inmate must show a medical need "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (citations omitted).)

[2] Ross is well aware of the deliberate indifference requirement. He stated such a claim in an earlier case where a medical director denied a surgical pain implant as too expensive. *Ross v. Burnside*, No. CV506-177, doc. 7 (M.D. Ga. June 12, 2006). That case settled. *Id.*, doc. 106.

5

*v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). While he hinted in his complaint that Fogam misdiagnosed him to save prison resources, he never explicitly alleged as much. Hence, the Court gave him a chance to amend in order to address the deficiency. (Doc. 14 at 6.)

In his amended complaint, Ross equivocates somewhat. Initially, he alleges that Dr. Fogam knew that Ross needed treatment but denied specialist care because he "just wanted to show how powerful he is and didn't care that [Ross] was suffering excruciating pain." (Doc. 17 at 10.) Later, Ross backtracks a bit, stating that the denial of treatment *might* have been based on cost, security, or "just to show and prove that he is the 'Boss'." (*Id.* at 12.) Regardless of this inconsistency, the Court is satisfied that Ross has, if barely, alleged facts showing that Fogam was aware that there were better treatment options available for his chronic pain but denied access to those treatments for reasons other than sound medical judgment. *Chance v. Armstrong*, 143 F.3d 698, 703-4 (2d Cir. 1998).[3]

---

[3] The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 676, 681-82 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual

Hence, Ross's claims against Fogam survive screening and require service of the complaint on this defendant.

Ross's claims against Warden Koon, Warden Humes, and Administrator Milton (deliberate indifference and failure to intervene) fail, however. Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Rather, a plaintiff must demonstrate either that these supervisory defendants directly participated in the alleged constitutional deprivations or that there is some other causal connection between the acts or omissions and the alleged constitutional deprivations. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Such a connection may arise "when a history of widespread abuse puts the

---

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

7

responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 362 F.3d at 1360 (quotations and citations omitted); *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration. . . .'" *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Ross has not offered any facts showing direct action or some other causal connection as to these defendants.[4]

---

[4] While he states that they have instituted an "unconstitutional policy," he has not offered any facts showing widespread abuse by the medical department or any facts showing that the supervisors directed the medical staff to act unlawfully, or knew that they were doing so but failed to stop them. *See Harper v. Lawrence Cty, Al.,* 592 F.3d 1227, 1236 (11th Cir. 2010) (quoting *Cottone*, 326 F.3d at 1360).

8

While Ross filed grievances and submitted letters to the defendants (and even spoke to one of them) (doc. 17 at 12-13), their awareness of the alleged deprivations standing alone is insufficient to state a claim against them. Filing grievances with, or sending complaining letters to, a supervisory official does not alone make the supervisor liable for the allegedly violative conduct, even if the grievance or complaint is denied. *See Wayne*, 197 F.3d at 1106; *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring) (plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."); *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). After all, prison administrators receive mountains of letters and grievances on a regular basis complaining about everything under the sun. When the complaining person has actually been seen and treated by a medical professional, the administrators are entitled to rely upon the medical

professional's assessment. Thus, the fact that Ross filed grievances and sent letters does not establish the type of direct participation or causal connection required here. Instead, he must allege sufficient facts demonstrating that the defendants somehow caused or ratified the deprivations, not that they were simply aware of his complaints. He has not done so. Accordingly, his claims against Koon, Humes, and Milton fail.

For the reasons explained above, the Clerk is **DIRECTED** to forward a copy of this Order and Ross's amended complaint (doc. 17) to the Marshal for service upon Dr. Eric Fogam. The other defendants, however, should be **DISMISSED**. As an additional matter, Ross has filed several motions, including motions to compel (essentially seeking a preliminary injunction), for imposition of sanctions, for a writ of mandamus against defendants (again seeking a preliminary injunction), and for a default judgment. (Docs. 19, 20, 21, and 22.) As Fogam has yet to be served, those motions are **DENIED** as premature. Ross's second motion to appoint counsel (doc. 23) is also **DENIED** for the same reasons explained in the initial order denying appointment of counsel. (Doc. 9.)

**SO REPORTED AND RECOMMENDED** this 14Th day of November, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA