UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| MILTON ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-198 |
| | ) | |
| DOCTOR ERIC FOGAM, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendant's motion to dismiss plaintiff's complaint. (Doc. 32.) Defendant contends that Ross is barred from proceeding under the "three strikes" provision of 28 U.S.C. § 1915(g)[1] and, further, that his suit should be dismissed because he willfully misled the Court as to financial resources. (Doc. 32-1.) Because it appears that Ross has *once again* lied in his initial papers -- deceiving the Court into the belief that he lacked the ability to prepay the filing fee when, in fact, he

---

[1] The statute prohibits a prisoner from proceeding *in forma pauperis* if he has "on 3 or more prior occasions" filed a prisoner action "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court finds it unnecessary to address defendant's § 1915(g) argument, as Ross is not entitled to proceed IFP in this case.

had sufficient resources to do so -- Ross' latest suit should be dismissed as a sanction for such misconduct.

Ross initiated this prison conditions lawsuit utilizing the standard IFP application provided to prisoners in this District. (Doc. 2.) It directs a detainee to answer certain questions about his financial status so that the Court can determine whether he lacks the ability to prepay the filing fee. (*Id.*) Under penalty of perjury, Ross reported that he had no income other than money sent from his mother out of her "retirement check." (*Id.* at 2.) He also claimed that he had only $15.63 in his prison trust account and had no other valuable property. (*Id.*)

The Court provisionally granted Ross IFP status but required him to complete and return a form reflecting past deposits to his prisoner trust fund account. That form flatly contradicted his initial IFP showing. It revealed that Ross had carried an average monthly balance of $203.33 in the six months prior to filing his complaint and had received $200 just after filing suit. (Doc. 8.) Given his steady stream of income, the Court instructed Ross to submit a $200 partial filing fee, since "[t]he public shouldn't be required to bear the risk that Mr. Ross will default on his

2

obligation to repay" the $350 filing fee in full.[2] (Doc. 10.) He complied without comment.

Defendant points out in his motion to dismiss that Ross deceived the Court not only about the amount of his prior income but also the *source* of that income. Ross stated in his IFP application that he did not personally have any money or other financial resources and that he was totally dependent upon his mother's limited retirement income for occasional deposits to his prison account. (Doc. 2.) Ross neglected to reveal that in August 2009 -- precisely two years prior to filing the instant action -- he settled another prisoner suit filed in the Middle District of Georgia for the sum of $25,000.[3] (Doc. 32-2.)

Ross has filed two civil actions in this Court since receiving his $25,000 settlement, and on both occasions he has sought and obtained

---

[2] While an impoverished prisoner may proceed without prepaying the $350 filing fee, the IFP statute requires prisoners to pay the entire fee over time out of any future deposits to their prison account. *See* 28 U.S.C. § 1915(b)(1).

[3] Ross' response to defendant's motion references a notation in his form complaint that in 2009 he settled a civil action filed in the Middle District of Georgia. But nowhere in either his complaint or his IFP application does Ross reveal that the settlement involved the payment of $25,000.

3

leave to proceed IFP without mentioning that payment. Nor has he denied the defendant's assertion that these funds are the source of some, if not all, the deposits to his prison account or that the funds had not been exhausted when he applied to proceed IFP before this Court. Under these circumstances, it is reasonable to infer that Ross falsely stated, under "penalty of perjury," that he was unable to prepay this Court's filing fees due to his poverty. (Doc. 2 at 2.) He concedes that he has been continuously incarcerated "for the last 9 1/2 years" (doc. 2 at 2),[4] and he never disputes defendant's assertion that he received the $25,000 settlement payment or that he still has access to some portion of those funds. As a prisoner, all of Ross' basic needs (food, shelter, clothing) have been provided by the state during the entire time since he received his settlement. While several thousand dollars have been deposited to his prison account during this period, the bulk of the settlement funds have not been funneled into that account and appear to remain in his possession or control.

---

[4] Ross has been incarcerated since March 10, 2003, serving a 20-year sentence for armed robbery, aggravated assault, and possession of a firearm as a felon. Ga. Dept. of Corrs. Offender Query, *available at* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last visited Jul. 2, 2013).

4

This is the second case in a row, covering the same subject matter, where Ross has deliberately misled the Court as to his ability to pay the filing fee. Given this pattern of deceit, it is recommended that defendant's motion to dismiss (doc. 32-1) be **GRANTED**,[5] and that Ross' complaint be dismissed **WITH PREJUDICE**. No lesser sanction will suffice to dissuade Ross, and others like him, from repeatedly and willfully lying in documents submitted to this Court. *See, e.g., Attwood v. Singletary*, 105

---

[5] As the Court has repeatedly informed Ross, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

5

F.3d 610, 613 (11th Cir. 1997) (affirming with prejudice dismissal where plaintiff's repeated misrepresentations of his financial status showed "a history of bad faith litigiousness and deceit"). Finally, Ross's "motion for retaliation" (doc. 30) is **DENIED**, and the Court **GRANTS** defendant's motion to stay discovery pending the district judge's review of this Report and Recommendation. (Doc. 33.)

**SO REPORTED AND RECOMMENDED** this 2nd day of July, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA